RECEIPT # 65946
AMOUNT $ 250
SUMMONS ISSUED 1-6
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 7-28-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FOUAD KADMIRI, A 74 724 747; and PAMELA )
KADMIRI )
 )
Plaintiffs, )
 )
v. ) CIVIL ACTION FILE NO.
 )
ALBERTO GONZALES, as Attorney General of the )
United States; MICHAEL CHERTOFF as the )
Secretary of the Department of Homeland Security; )
EDUARDO AGUIRRE, JR. as Director of United )
States Citizenship and Immigration Services; )
DENNIS RIORDAN as District Director of the )
United States Citizenship and Immigration Services )
in Boston, Massachusetts; UNITED STATES )
DEPARTMENT OF HOMELAND SECURITY; )
and UNITED STATES CITIZENSHIP AND )  **05 - 11583 RGS**
IMMIGRATION SERVICES, )
 )
Defendants. )   MAGISTRATE JUDGE Collings
 )

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF
IN THE NATURE OF MANDAMUS
AND FOR OTHER INJUNCTIVE RELIEF

INTRODUCTION

1. This action is brought against the Defendants to compel action on an I-130 Petition for Alien Relative, properly filed by the Plaintiff. The application was filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to Plaintiffs' detriment.

1

## JURISDICTION

2.  This Court has jurisdiction over the present action pursuant to 28 USC §1361, regarding an action to compel an officer of the United States to perform his duty; 28 USC §1331, Federal Question Jurisdiction; 28 USC §2201, the Declaratory Judgment Act; 5 USC §702, the Administrative Procedures Act; 8 USC §1329, of the Immigration and Nationality Act, providing for jurisdiction of this Court over actions arising under said Act; and the Fifth Amendment to the U.S. Constitution.

3.  Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 28 USC §2412, et seq.

## VENUE

4.  Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred. Plaintiffs, Pamela Kadmiri and Fouad Kadmiri are residents of the Commonwealth of Massachusetts, and Defendants, Department of Homeland Security, et al. are agencies that operate within this district.

## PARTIES

5.     Plaintiff Fouad Kadmiri is a native and citizen of Morocco. He has been married to Pamela Kadmiri, a United States Citizen (hereinafter, "USC") since September 2001. Mrs. Kadmiri filed an I-130 Petition for Alien Relative for her husband on January 20, 2002. The Petition was approved, revoked, and is now pending appeal. Said appeal has been pending since June 18, 2004.

6.     Plaintiff Pamela Kadmiri is a native and citizen of the United States. She married Mr. Kadmiri in 2001, and since then has been diligently working to secure her husband's right to live in the United States with his family.

7.     Defendant Alberto Gonzales is Attorney General of the United States, and is charged with supervisory authority of the Department of Justice, and has the authority on questions of law in relation to the Immigration and Nationality Act 8 USC §1103(a)(1) & (g).

8.     Defendant, Michael Chertoff is the Secretary of the Department of Homeland Security and charged under 8 USC §1103(a) with supervising, implementing, and enforcing the Immigration and Nationality Act.

9.     Defendant Eduardo Aguirre, Jr. is the Director of United States Citizenship and Immigration Services, and charged under, 8 USC §1103(c), with the implementation of benefits under the Immigration and Nationality Act.

was issued on May 31, 2000.

14. In early- to mid-1998, Mr. Kadmiri retained new counsel, Attorney Desmond FitzGerald. Attorney FitzGerald properly filed notices of appearance, and Mr. Kadmiri properly updated the Court as to his address. Nonetheless, during the end of 2000, a hearing notice was sent to Mr. Kadmiri's prior counsel, and not to Mr. Kadmiri or his counsel of record. Since neither Mr. Kadmiri nor his attorney received notice due to the Court's failure to properly send notice, Mr. Kadmiri was unaware of the Hearing on September 19, 2000 and failed to appear. Mr. Kadmiri was ordered removed in absentia. When Mr. Kadmiri's counsel learned of the order, he immediately filed a Motion to Reopen. This Motion was denied by the Immigration Judge.

15. Mr. Kadmiri retained new counsel, Leslie Hauser, who appealed the Immigration Judge's decision to the Board of Immigration Appeals (hereinafter, the "BIA"). Prior to the BIA issuing its decision, Attorney Hauser withdrew her appearance, and this withdrawal was acknowledged by the BIA in a notice dated September 5, 2001. Attorney Shiva Karimi filed a notice of appearance on August 30, 2001 and made inquiry shortly thereafter to the Clerk of the BIA, confirming that her appearance was noted by the BIA. Nonetheless, The BIA sent its eventual decision to Attorney Hauser on November 26, 2001 and failed to send it to the attorney of record. The BIA dismissed the appeal.

16. Mr. Kadmiri, through Attorney Shiva Karimi, filed a Motion for Reconsideration. The BIA granted this motion because it concluded that the Mr. Kadmiri had not been

properly served with the date and time of the hearing, as required by law, and remanded the case back to the Immigration Court for further proceedings. Nonetheless, it took Mr. Kadmiri several years, three attorneys, and significant expense to correct an in absentia order of deportation that was issued due to a mistake by the Immigration Court.

17. Meanwhile, on September 29, 2001, Mr. Kadmiri married his current wife, Mrs. Pamela Kadmiri, who is a citizen of the United States. Mrs. Kadmiri submitted an I-130 petition for the benefit of her husband on January 29, 2002 which was subsequently approved by the Vermont Service Center (hereinafter VSC) on July 16, 2002. It is important to note that prior to making a decision, the VSC initially reviewed the documentation submitted by Mrs. Kadmiri, requested additional evidence, and reviewed the file again a second time after it received the requested additional evidence. Based on this approved petition, an I-485 Adjustment of Status application was filed with the Immigration Court at a Master Hearing on November 26, 2002. An Individual Hearing was scheduled for January 6, 2003. Mr. and Mrs. Kadmiri attended this hearing prepared to proceed.

18. At this hearing, the DHS, for the first time, raised issues of marriage fraud with respect to the Mr. Kadmiri's previous petition, and the Court allowed a continuance to allow the government additional time to compile its case.

19. Since no documents were forthcoming from DHS, at the request of Mr. Kadmiri, the Court scheduled a pre-trial conference on March 10, 2003 to evaluate the DHS's

marriage fraud allegation. At this pre-trial, the DHS was unaware of the hearing, unprepared, and was missing their entire file. The Court issued a second order that the DHS provide all evidence to all parties by March 28, 2003. Again, no documents were forthcoming. On April 22, 2003, just six days prior to the next scheduled Individual Hearing, the DHS submitted a Motion to Continue stating that it was seeking to have the VSC revoke Mr. Kadmiri's approved I-130 Petition, and it needed additional time to do so. However, up until this point, DHS had not taken any measures to this end. Despite DHS's continuous ill preparation, failure to comply with time limits set by the court, and failure to comply with time limits imposed by the Local Rules, the Immigration Court allowed their fourth postponement of the case.

20.   The third scheduled Individual Hearing was set for December 1, 2004. DHS did not file a Motion to Continue in advance of the hearing. Mr. and Mrs. Kadmiri appeared at the hearing and were yet again prepared to proceed. At the hearing, DHS was again missing the file, had not filed any of the documentation the Court ordered it to file, and once again sought a continuance in violation of the Local Rules which require 14-day notice of a Motion to Continue. At this point, over two years has passed since the Court had scheduled the first Individual hearing, and approximately one year had passed since the Individual hearing where the DHS first raised the issue of marriage fraud. The Court, despite Mr. Kadmiri's objections, granted the continuance again and ordered DHS to submit documents by April 5, 2004. The Court warned DHS that if it failed to submit the documentation requested by April 5, 2004, the next hearing would go forward despite whether they had possession of the file or not. April 5, 2004 passed without the DHS

7

filing any documentation.

21. On April 30, 2004, DHS filed yet another Motion to Continue, just six days before the fourth scheduled Individual Hearing, again in violation of the Local Rules. The Court did not grant this motion. At this point, the VSC had issued a Notice of Intent to Revoke, to which a lengthy response had been filed. However, no final determination had been made by the VSC. Less than an hour before the scheduled May 6, 2004 hearing, Mr. Kadmiri's counsel received a telephone call from the Clerk's office of the Immigration Court to advise him that the Judge was ill, and the Hearing would have to be continued. Mr. Kadmiri, through Counsel, telephoned the Court repeatedly to set a fifth hearing date. However, on June 8, 2004, Mr. Kadmiri's attorney received a copy of the VSC's Notice of Revocation of the I-130 which was dated June 4, 2004. Mr. Kadmiri himself, never received a copy of this document.

22. Mr. Kadmiri timely filed an appeal of the revocation on June 18, 2004.

23. Approximately three years after the filing of Mrs. Kadmiri's I-130 Petition, and one year after the filing of the appeal, the couple continues to await a decision on the petition.

24. Mrs. Kadmiri has diligently sought congressional assistance to compel the adjudication of the I-130 appeal. After approximately one year of communications with congressman William Delahunt's office, the congressional liaison ultimately informed Mrs. Kadmiri that the I-130 appeal had been transferred to the Boston office, and that the

Boston office *refused* to act on the appeal of the I-130 Petition until the Immigration Court made a decision as to Mr. Kadmiri's removability. Intentionally withholding action on this I-130 will ensure Mr. Kadmiri's removal from the United States, since his relief is based upon being united with his wife through the I-130 Petition for Alien Relative.

25. INA § 201 (b)(2)(A)(i) [8 U.S.C. 1151] states in part:

> Immediate relatives. - For purposes of this subsection, the term ``immediate relatives" means the children, spouses, and parents of a citizen of the United States, except that, in the case of parents, such citizens shall be at least 21 years of age ...

26. INA § 204. [8 U.S.C. 1154] states in part:

> (a)(1)(A)(i) Any citizen of the United States claiming that an alien is entitled to classification by reason of a relationship described in paragraph (1), (3), or (4) of section 203(a) or to an immediate relative status under section 201(b)(2)(A)(i) may file a petition with the Attorney General for such classification. ...
> (b) After an investigation of the facts in each case, and after consultation with the Secretary of Labor with respect to petitions to accord a status under section 203(b)(2) or 203(b)(3), the Attorney General *shall*, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 201(b) or is eligible for preference under subsection (a) or (b) of section 203, approve the petition and forward one copy thereof to the Department of State. The Secretary of State shall then authorize the consular officer concerned to grant the preference status. ... [emphasis added]

27. The USCIS has failed to adjudicate the appeal of the I-130 Petition for Alien

Relative, and has stated that it refuses to do so until the Immigration Court makes a determination as to removability.

28. In accordance with, and pursuant to, the regulations, Plaintiff Mrs. Kadmiri paid the fees necessary to file her I-130 Petition and her appeal of the I-130 revocation.

29. The USCIS duly accepted each such fee paid by Plaintiff.

30. Plaintiff, Mrs. Kadmiri, submitted to the USCIS all documentation required by regulation and by statute to be submitted as part of the petition procedure.

31. Plaintiff, Mrs. Kadmiri, submitted to the USCIS documentation sufficient to enable the USCIS to process the petition, and adjudicate said petition and appeal.

32. Plaintiff, Mrs. Kadmiri's appeal of the revocation of the I-130 Petition has now remained unadjudicated for approximately one year.

33. The failure to conduct reasonably timely processing and adjudication of the application is due to a national policy of delaying all such applications. The subject delays are not caused by any factors unique to this plaintiff.

34. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to, adjudicate Plaintiff, Mrs. Kadmiri's appeal of the revocation of the I-130 Petition for Alien Relative. Defendants' refusal to act has deprived Plaintiff, Mr.

Kadmiri, the right to a decision regarding his status, and the peace of mind to which Plaintiff is entitled, and has deprived Mrs. Kadmiri the security of knowing her husband will be able to remain with her in the United States.

35. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., are unlawfully withholding or unreasonably delaying action on Plaintiff, Mrs. Kadmiri's petition and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

36. Despite the clear mandate of 5 USC Section 551 et seq., and 8 CFR §274a. 13, requiring the USCIS to process the applications, and adjudicate the applications within a reasonable time, the USCIS has failed and/or refused to do so.

37. Defendant USCIS's duty to process Plaintiff's application, and adjudicate said application "within a reasonable time" is a non-discretionary duty mandated by federal law.

38. Defendant USCIS's conduct in failing to process Plaintiff's application, and adjudicate said application in a reasonably timely manner has caused unnecessary and injurious delays to Plaintiffs, in violation of their rights as alleged herein.

39. Plaintiff, Mrs. Kadmiri, has exhausted all administrative remedies available and has determined that no adequate remedy exists.

40. Defendant's failure to act will effectively result in Plaintiff, Mr. Kadmiri's removal from the United States.

## STATUTORY AND REGULATORY FRAMEWORK

41. Pursuant to § 201 (b)(2)(A)(i) [8 U.S.C. 1151]:

> Immediate relatives. - For purposes of this subsection, the term ``immediate relatives" means the children, spouses, and parents of a citizen of the United States, except that, in the case of parents, such citizens shall be at least 21 years of age ...

42. INA § 204. [8 U.S.C. 1154] states in part:

> (a)(1)(A)(i) Any citizen of the United States claiming that an alien is entitled to classification by reason of a relationship described in paragraph (1), (3), or (4) of section 203(a) or to an immediate relative status under section 201(b)(2)(A)(i) may file a petition with the Attorney General for such classification. ...

> (b) After an investigation of the facts in each case, and after consultation with the Secretary of Labor with respect to petitions to accord a status under section 203(b)(2) or 203(b)(3), the Attorney General *shall*, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 201(b) or is eligible for preference under subsection (a) or (b) of section 203, approve the petition and forward one copy thereof to the Department of State. The Secretary of State shall then authorize the consular officer concerned to grant the preference status. ... [emphasis added]

## EXHAUSTION OF REMEDIES

43.   Plaintiffs have exhausted their administrative remedies. Plaintiffs have made numerous inquiries in an attempt to secure adjudication of the I-130, including diligently working with their congressional liaison, all to no avail. Accordingly, Plaintiffs have been forced to retain the services of an attorney to pursue the instant action.

## CLAIM FOR RELIEF

44.   Plaintiffs reallege paragraphs 1 through 44 as if fully set forth herein. Plaintiffs are entitled to an order in the nature of mandamus to compel Defendants to promulgate the regulations, to process Plaintiff, Mrs. Kadmiri's I-130 Petition, and, to adjudicate said petition in a reasonably timely manner.

45.   Plaintiffs are entitled to injunctive relief to prevent the USCIS from engaging in a willful failure to process Plaintiff, Mrs. Kadmiri's petition, and to require the USCIS to adjudicate the petition in a reasonably timely manner.

46.   Defendants willfully, and unreasonably, delayed and refused to adjudicate Plaintiff, Mrs. Kadmiri's I-130 Petition, thereby depriving Plaintiffs the ability to have peace of mind as to Mr. Kadmiri's status, to which Plaintiffs are entitled under federal law.

47. Defendants owe Plaintiff Mrs. Kadmiri the duty to act upon her I-130 Petition, and have unreasonably failed to perform that duty. Plaintiff has provided all relevant information and facts on her case.

48. Compelling factors genuinely exist in the Plaintiffs case, as Plaintiff Mr. Kadmiri been deprived of the right to feel secure in his status in the United States, a benefit to which he has proven eligibility, and Plaintiff Mrs. Kadmiri has been deprived of the right to know her husband will remain with her in the United States.

49. Plaintiffs have exhausted any administrative remedies that may exist. No other remedy exists for Plaintiffs to resolve Defendant's delay.

50. Plaintiffs are eligible for payment of attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act, 28 USC Section 2412.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully requests that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a) requiring Defendants to adjudicate Plaintiff's appeal of the revocation of her I-130 Petition for Alien Relative;

(b) awarding Plaintiff reasonable attorney's fees; and

(c) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

Plaintiff,
**FOUAD AND PAMELA KADMIRI**,
By their attorney,

Shiva Karimi, Esq.
**KARIMI & HOMSY, P.C.**
268 Summer Street
Boston, Massachusetts 02210-1108
(617) 292-3636
BBO No. 642332
Dated: July 28, 2005

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Fouad Kadmiri and Pamela Kadmiri

**05 - 11583 RGS**

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff: Norfolk County, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Suffolk County, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Shiva Karimi, Esq., Karimi & Homsy, PC
268 Summer Street, Lower Level, Boston, MA 02210-1108

Attorneys (If Known)
U.S. Attorney, U.S. Attorney General, and District Counsel for U.S. Department of Homeland Security

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS— Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☒ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §1361, 28 USC §1331, 28 USC §2201, 5 USC §702, 8 USC §1329, 5 USC §504, 28 USC §2412
Brief description of cause:
Action to compel US Government to adjudicate Plaintiff's immigration applications

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 07/21/2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Fouad Kadmiri, et al. v. Alberto Gonzales, et al.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
    - [✓] II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.             for patent, trademark or copyright cases
    - [ ] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.
    - [ ] IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V.    150, 152, 153.

    **05-11583 RGS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]    NO [✓]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]    NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [✓]    NO [ ]

    A. If yes, in which division do all of the non-governmental parties reside?
        Eastern Division [✓]    Central Division [ ]    Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Shiva Karimi, Esq., Karimi & Homsy, PC
ADDRESS  268 Summer Street, Boston, Massachusetts 02210-1108
TELEPHONE NO.  617 292-3636    Fax: 617 292-0019

(CategoryForm.wpd - 2/15/05)